UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60799
Summary Calendar

_____

MISSISSIPPI POWER COMPANY,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR;
LAWRENCE LADNIER

Respondents.

_____

Petition for Review of an Order
of the Benefits Review Board
(93-LHC-328)

_____

April 16, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

On September 27, 1993, an Administrative Law Judge (ALJ) with the Department of Labor

determined that under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C.

§§ 901-50, Lawrence Ladnier is entitled to temporary total disability benefits for a back injury that

he suffered while working for the Mississippi Power Company. The Benefits Review Board affirmed

this decision by operation of law, and Mississippi Power now appeals. We affirm.

In its first two claims on appeal, Mississippi Power contends essentially that the ALJ's

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that Ladnier's disability was caused by a work-related injury is not supported by substantial evidence. Ladnier, however, testified that he began experiencing back pain about three weeks after he was involved in an accident at work. This accident occurred when the bobcat tractor Ladnier was driving collided with a metal plate on the floor of a barge. According to Ladnier, the force of this collision threw him into the console and roof of the tractor. It is undisputed, moreover, that the collision Ladnier described could have caused the injury to his back.

If credible, Ladnier's testimony, which is the only evidence that he suffers from a work-related disability, sufficiently supports the ALJ's determination that he is entitled to compensation under the LHWCA. Mississippi Power, however, argues that Ladnier's testimony regarding the existence and nature of this accident is not credible, notwithstanding the ALJ's finding to the contrary. In support of its claim, Mississippi Power emphasizes evidence in the record that indicates that Ladnier's post-accident conduct was inconsistent with that of someone who had been involved in an accident like the one he described and that several witnesses failed to corroborate his testimony that he had told them of the collision after it happened.

In order for this court to overturn the ALJ's credibility finding, we must conclude that his decision to "accept [Ladnier's] version of the accident" was "patently unreasonable." *Lennon v. Waterfront Transp.*, 20 F.3d 658, 663 (5th Cir. 1994). The reasonableness of the ALJ's decision, however, is apparent from an examination of the record, which reveals that other Mississippi Power employees have been involved in collisions of the type described by Ladnier, that Mississippi Power interviewed those working with Ladnier at the time of the accident but was unable to produce a witness who could contradict Ladnier's account of the collision, and that the ALJ credited Ladnier's testimony after observing him under cross-examination and considering his explanations for the

2

apparent discrepancies in his testimony. Thus, although the evidence cited by Mississippi Power does cast some doubt on Ladnier's credibility, this evidence is not so overwhelming, and Ladnier's testimony is not so implausible, that a reasonable factfinder could not believe Ladnier's account of the accident. *Cf. id.* (holding that an ALJ's decision to credit an expert's testimony was patently unreasonable when the credited testimony was contradicted by six other experts and was based on incomplete information). Accordingly, Ladnier's testimony provided substantial evidence for the ALJ's conclusion that he suffers from a compensable disability under the LHWCA.

In its third claim on appeal, Mississippi Power contests the ALJ's determination that it was not prejudiced by Ladnier's allegedly untimely notice of his work-related injury. Specifically, Mississippi Power contends that it was unable to conduct a complete investigation because it did not receive notice of Ladnier's injury until almost three months after the accident in the bobcat tractor. Assuming *arguendo* that Mississippi Power did not receive timely notice of Ladnier's injury, there is no evidence in the record to support its claim of prejudice. In fact, the comprehensive nature of Mississippi Power's rebuttal case plainly belies any suggestion that it was denied an opportunity to investigate fully Ladnier's claim. Further, Mississippi Power provides no examples in its brief of investigative actions that it would have taken but for the allegedly untimely notice. We therefore find sufficient support in the record for the ALJ's determination that Mississippi Power was not prejudiced by Ladnier's arguably untimely notice. *Cf. ITO Corp. v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor*, 883 F.2d 422, 424 (5th Cir. 1989) (holding that an ALJ's finding that an employer was not prejudiced by untimely notice was supported by substantial evidence when the employer merely claimed in a "conclusory" manner that it had "'no opportunity to investigate the claim [of the employee] when it was fresh'").

3

AFFIRMED.